**So Ordered.**

**/s/ Alvin K. Hellerstein**

**U.S.D.J.**
**October 11, 2026**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SHINSTAR LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>Defendants. | Case No. 26-cv-08291 |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE UNDER SEAL**

Plaintiff ShinStar LLC ("Plaintiff" or "Sprunki") files this Motion requesting leave to file the following documents under seal: (1) Schedule A attached to the Complaint, which includes a list of the fully interactive, e-commerce stores operating under the seller aliases (the "Seller Aliases") and the e-commerce store URLs under the Online Marketplaces; (2) Exhibit 3 to the Complaint, which includes screenshot printouts showing the e-commerce stores operating under the Seller Aliases; (3) Exhibit 3 to the Declaration of Zhen Liang, which includes screenshot printouts showing the e-commerce stores operating under the Seller Aliases and (4) Exhibit 1 to the Declaration of Berel Y. Lakovitsky, which includes screenshot printouts identifying the Seller Aliases.

In this action, Plaintiff is requesting temporary *ex parte* relief based on an action for trademark infringement, counterfeiting, false designation of origin, and copyright infringement. Temporarily sealing these portions of the file is necessary to preserve the *status quo* and prevent the Defendants from learning of these proceedings prior to the execution of the temporary restraining order. *See Nike, Inc. v. P'ships, et al.*, 2025 U.S. Dist. LEXIS 223452, at *10 n.* (E.D.

Mo. Nov. 13, 2025) ("Maintaining these documents under seal at this time will help preserve the status quo and will preserve the Court's ability to grant relief in this matter.").

If Defendants were to learn of these proceedings prematurely, the likely result would be the destruction of relevant documentary evidence and the hiding or transferring of assets to foreign jurisdictions, which would frustrate the purpose of the underlying law, interfere with this Court's power to grant relief, and "render fruitless further prosecution of the action." *In re Vuitton Et Fils S.A.*, 606 F.2d 1, 5 (2d Cir. 1979); *see also Louis Vuitton v. White*, 945 F.2d 569, 571 (3d Cir. 1991) (recognizing that "upon being apprised of the institution of a lawsuit by the trademark owner, [a counterfeiter] will conceal his infringing merchandise and either destroy or conceal all records relating to this merchandise, thereby frustrating implementation of the trademark owner's statutory and common law rights."); *Viral DRM, LLC v. Unknown Counter Notificants*, 688 F. Supp. 3d 1271, 1279 (N.D. Ga. 2023) (sealing certain documents due to the plaintiff's "legitimate concern that when Defendants learn of its claims and requested relief, they may hide or transfer any ill-gotten proceeds and relevant records, hindering the prospects of a future remedy.").

Once the temporary restraining order has been served on the relevant parties and the requested actions are taken, Plaintiff will move to unseal these documents. Plaintiff's requested relief is also similar to relief entered by other courts in this District under similar factual circumstances. *See, e.g.*, *Fender Musical Instruments Corporation v. The Individuals, et al.*, No. 1:26-cv-00788-AS (S.D.N.Y. Jan. 30, 2026), ECF No. 17 (granting motion for leave to file under seal); *Kaws, Inc., et al v. The Individuals, et al.*, No. 1:26-cv-03010-DLC (S.D.N.Y. April 17, 2026), ECF No. 22 (same); *Roblox Corporation v. The Individuals, et al.*, No. 1:26-cv-04128-JPO (S.D.N.Y. May 19, 2026), ECF No. 15 (same). For the foregoing reasons, Plaintiff respectfully requests that the Court grant this Motion.

Dated this 23rd day of September 2026.

Respectfully submitted,

/s/Jennifer V. Nacht

Jennifer V. Nacht (Pro Hac Vice)
Amy C. Ziegler (Pro Hac Vice)
Greer, Burns & Crain, Ltd.
90 Broad Street 2nd Floor
New York, NY 10004
312.600.6836 / 312.360.9315 (facsimile)
jnacht@gbc.law
aziegler@gbc.law

*Counsel for Plaintiff ShinStar LLC*